UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 1:12-CR-132 (02)

v.                                              HON. ROBERT HOLMES BELL

MARIO HERRERA,

        Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

Defendant Mario Herrera has filed a motion for modification or reduction of sentence (ECF No. 1461) pursuant to 18 U.S.C. §3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines, made retroactive by the Sentencing Commission.

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §§ 2D1.1 and 2D1.11. These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10.

At the time of Defendant's sentencing on October 22, 2013, the Presentence Report showed an offense level 35 and Criminal History Category I, for a Guideline Range of 168 - 210 months custody. Based on the defendant's substantial assistance, the Court granted a 4-level 5K1.1 downward departure motion, reducing the adjusted offense level to 31 and Guideline Range to 108 - 135 months. Defendant was sentenced to 108 months custody. This Court reduced Defendant's sentence on July 15, 2014, to 92 months custody, following the granting of a Rule 35(b) motion.

The Probation Department filed a sentence modification report on February 29, 2016 (ECF No. 1649). In its report, the Probation Department recommends that the Defendant is eligible for a reduction in sentence based on Defendant currently being an inmate, USSG § 2D1.1 was used in the guideline calculations, and the guideline range applicable to the defendant subsequently has been lowered as a result of the retroactive amendment to the Sentencing Guidelines (782). A reduction of sentence is consistent with the policy statements of the U.S. Sentencing Commission. Based on the 2-point reduction, the adjusted offense level becomes 34, for a guideline range of 151 - 188 months custody. Based on the prior 5K1.1 and Rule 35 reductions, the Probation Department recommends a reduction in sentence from 92 to 83 months.

The Defendant filed a response to the Sentencing Modification Report (ECF No. 1660) arguing that Defendant's sentence should be reduced 16 months from the adjusted guideline range of 97 - 121 months so he doesn't lose the 16 months he previously received for the Rule 35(b) reduction.

The Government filed a response to the Sentence Modification Report (ECF No. 1664) concurring with the Probation Department's assessment that Defendant Herrera is eligible for consideration of a sentence modification pursuant to USSG Amendment 782. The Government agrees that his amended guideline range becomes 97 - 121 months in prison and inclusion of the 16 months Rule 35(b) reduction results in a sentence of no less than 81 months.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for modification of sentence (ECF No. 1461) pursuant to 18 U.S.C. § 3582(c)(2) is **GRANTED**. Defendant Mario Herrera's sentence shall be reduced to **81 months**. An order effectuating the sentence reduction shall issue forthwith.

Dated: April 11, 2016          /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               UNITED STATES DISTRICT JUDGE